## Keller's Estate.

*Will—Accounting—Executors and administrators—Exemption from filing account.*

Where a testator gives his entire estate to his wife for life and after her death to his son, and appoints the widow and son executors, with a direction that they shall not be required to file any account, the representatives of the widow after the death of the son surviving the widow, cannot in the absence of fraud, or any allegation thereof, compel the representatives of the son to file an account on the ground that the son had converted the assets, and had not paid the income to his mother during her life. In such a case if there is any right of recovery, the remedy is at law for the recovery of a debt.

Argued Feb. 22, 1909. Appeal, No. 221, Jan. T., 1908, by Marshall Keller, from decree of O. C. Lackawanna Co., No. 543, of 1905, sustaining demurrer to petition for an account in Estate of Sydenham Keller. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for citation to file an account. Before SANDO, P. J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in sustaining the demurrer to the petition.

*A. A. Vosburg*, with him *B. Fenton Tinkham*, for appellant. —The presumption of law is, that the assets of the original estate are in the hands of the administrators of the deceased executor, and the court in which the latter is accountable has ample authority to compel the filing of an account, both un-

der the Act of June 16, 1836, P. L. 784, and by virtue of its general powers: Bickley's Est., 30 Pa. C. C. Rep. 382; Shoch's Est., 11 W. N. C. 288.

The courts have been exceedingly liberal in the matter of compelling executors to file accounts. They will not stop to inquire into disputed claims, nor the validity of claims, but will order an account where a prima facie right is established: Smith v. Black, 9 Pa. 308; Disston's Est., 14 Phila. 310; Clinton's Est., 8 Pa. Dist. Rep. 661; Seeger's Est., 6 W. N. C. 369; Kern's Est., 11 Lancaster, 15.

Jurisdiction of the court cannot be ousted by the direction of testator. A direction in a will that the executors are to define its provisions and that their decision shall be final and conclusive, will not take away the jurisdiction of the court: Reilly's Est., 200 Pa. 288; Friend's Est., 209 Pa. 442.

Even distributees are not bound by such a direction where fraud, mismanagement or bad faith is alleged: Young's Est., 18 W. N. C. 95.

*James Gardner Sanderson* and *John P. Kelly*, for appellee. —The presumption of law in this case, which the petition does not overcome, is that H. S. Keller fully accounted to Louisa Keller in his lifetime: Eavenson's App., 84 Pa. 172; Knapp v. Griffin, 140 Pa. 604.

The respondents are relieved from filing an account under the terms of the will of Sydenham Keller: Maurer v. Bowman, 169 Ill. 586 (48 N. E. Repr. 823); Randall v. Randall, 135 Ill. 398 (25 N. E. Repr. 780); Young's Est., 18 W. N. C. 95.

OPINION BY MR. JUSTICE STEWART, April 26, 1909:

The testator, Sydenham Keller, gave his entire estate to his widow for life, and at her death to his son, Horatio Seymour Keller, and appointed these two beneficiaries executors of his will. They survived the testator several years, but both are now dead, the son having survived the widow a few days only. No inventory of the estate or account was ever filed by either. The executor of the widow now asks that the executors of the son be required to file an account, alleging that the son had

been the acting executor, and as such had received and converted all the assets of the estate. A demurrer filed to the petition was sustained in the court below, and the appeal is from that decree. The will contains this provision: "Neither of my said executors shall be required to enter security, and no inventory nor appraisement nor account of any estate shall be filed by them." Why shall not this direction be observed? A testator has quite as much right to direct how his estate shall be administered as he has to direct its distribution. He must be careful in either case not to interfere with the rights of creditors; but within this limitation his will is law. The parties represented by this petitioner are not creditors, but volunteers. The rights are not the same. Volunteers have only such rights as the will gives them; they take under and pursuant to the will, and as against their demands the will must prevail. The law will not be slow to interfere where the confidence a testator has reposed in his executors is being abused; and whenever a volunteer who has an interest which gives him standing, complains that executors are guilty of fraud in their office and asks that they be required to account, the court will so order if ground be shown, notwithstanding the will exempts them from the duty of accounting. The interference in such case defeats no provision in the will, for the exemption was intended to apply to faithful, not unfaithful, executors, and the only end to be accomplished by the interference is to secure honest administration of the estate in accordance with the testator's wishes. In the present case fraud is not alleged. The only averments in the petition are that the son was the acting executor and as such he had received the assets and converted them; that for some of them he had realized a specified amount, and to the best of petitioner's knowledge and belief none of the income therefrom had ever been paid to the said Louisa Keller (widow) in her lifetime, and that it is now due her estate. There is not a suggestion of fraud in any of these averments. The son had as much right to the possession of the assets as the widow; if he took them all into possession, presumably it was with her consent and approval, since she acquiesced; if he failed to pay over to

her the income, he was her debtor to that extent, and an action at law can be maintained for the recovery of the debt. It is not pretended that he fraudulently withheld anything from the widow. It is manifest that the only purpose here is to put over upon the son's representatives the burden of showing affirmatively that the son in his lifetime paid to the widow the income of the estate. It is quite as manifest we think that it was to prevent proceedings of this kind by persons not beneficiaries under the will that the testator provided that neither of his executors should be required to account. He knew that the exemption would not prevail against the demands of creditors, and he was not providing against them. Excepting creditors no one could have asked for an accounting during the lifetime of the widow and son, for the estate in its entirety belonged to them; but on death of either, the heirs at law or legatees of the one dying would have an interest which in the absence of this exempting provision would give a right to demand an accounting. It was this event, sure to happen sooner or later, that testator had in contemplation when he directed that no account should be filed. No other purpose can be suggested. The citation asked for was properly refused.

The appeal is dismissed at the costs of the appellant.