25 N.J. Super. 236 (1953)
95 A.2d 774
IN THE MATTER OF THE ESTATE OF MICHAEL TARBY, DECEASED.
Superior Court of New Jersey, Hudson County Court Probate Division.
Decided March 23, 1953.
*237 For the order, Mr. Jacques Hecht.
Opposed to order, Mr. Herman C. Silverstein (Mr. Alfred M. James appearing).
DUFFY, J.C.C.
Michael Tarby died, a resident of Hudson County, on August 18, 1950 leaving a last will and testament which was probated in the Surrogate's Court on September 9, 1950. Testator's sister, Julia, and her husband, Max Yadlowsky, were named in the will as executors and trustees. They duly qualified as such.
After providing for the payment of debts and funeral expenses, the will placed the entire estate, including the proceeds of several life insurance policies, in trust for the support, maintenance and education of testator's infant son, Michael Tarby, Jr. with the proviso that the corpus be delivered to him upon the achievement of his twenty-fifth birthday. The will further directed that if Michael, Jr. did not visit members of the testator's family at least once a month, the executors-trustees could postpone the time for payment of the corpus ten years, that is, until he attained the age of 35 years. In the event Michael, Jr. died prior to his twenty-fifth birthday, alternate beneficiaries are named in his place.
With respect to the executors and trustees, the Second clause of the will specifically directed that "They shall not post a bond or be accountable to anyone for their actions." The Third clause reiterated that they serve without bond.
The matter is before me on order to show cause obtained by Anna Horbota Tarby, mother and duly appointed guardian ad litem of Michael, Jr., wherein she seeks to compel the executors to file an account of their administration. The *238 latter contend that they are absolved from such obligation under the terms of the will, by reason of the sentence quoted above.
Anna's marriage to the testator was terminated by divorce. As indicated previously, she received nothing under his will. Michael, Jr. is now nine years of age.
Neither counsel for the respective parties have found, nor can I find a reported decision in New Jersey exactly in point on the question presented. Our statute, N.J.S. 3A:9-1, under the title Accounting, Article 1 When Unnecessary, provides:
"A guardian or testamentary trustee need not render or settle his account if he files, in the court wherein he was appointed, a release or discharge from the ward or cestui que trust, providing such ward or cestui que trust is of full age and is mentally competent.
Such release or discharge shall be executed and acknowledged as provided for deeds of real estate to be recorded."
This is the only exemption granted in the statute.
However, there are cases reported in other jurisdictions in which the testator released his executor from accounting in court. In re Keller's Estate, 224 Pa. 523, 73 A. 926 (Pa. Sup. Ct. 1909) is such a case. There the widow and son were the beneficiaries under the testator's will. They were also the co-executors. The widow subsequently died as did the son shortly thereafter. The executor of the widow's estate brought action against the executors of the son's estate charging that the son had misappropriated a part of the original testator's funds during the period of co-executorship. The widow's executor now seeks an account of his stewardship. The court denied the application. Commenting upon the exemption granted the executors from filing an account the court stated:
"Why shall not this direction be observed? A testator has quite as much right to direct how his estate shall be administered as he has to direct its distribution. He must be careful in either case not to interfere with the rights of creditors; but within this limitation his will is law. * * * The law will not be slow to interfere where the confidence a testator has reposed in his executors is being *239 abused; and, whenever a volunteer who has an interest which gives him standing complains that executors are guilty of fraud in their office and asks that they be required to account, the court will so order if ground be shown, notwithstanding the will exempts them from the duty of accounting."
A similar finding was made in Dillen v. Fancher, 197 Ark. 995, 125 S.W.2d 110 (Ark. Sup. Ct. 1939), where a remainderman sought such an account from a life tenant-executrix despite a direction in the will that no bond be required nor accounting be made in any court. The court denied the application for the stated reason that the remainderman failed to prove "any mismanagement, waste or conversion by the life tenant."
Our statute, N.J.S. 3A:9-2, provides in part:
"An executor or administrator receiving his letters from the surrogate's court or county court of any county, may settle his account or be required to settle his account in the county court of the county. * * * No court shall require him to account before the expiration of 1 year after his appointment, unless for special cause shown."
Except for minor changes, this section is quite similar to the language contained in the former statute (R.S. 3:10-5) prior to the above revision which became effective January 1, 1952. The former statute has been construed by our courts to be merely directory and not mandatory, Heath v. Maddock, 81 N.J. Eq. 469 (Prerog. 1913).
After analyzing the cases and the cited statutes it is my opinion that the proponent of the rule has not shown any real cause to justify a requirement that the executors account in the face of the testator's unequivocal direction that they should not. No charge has been made nor proof offered that the executors have mismanaged, converted, wasted or in any fashion mishandled the assets of the estate.
At the oral argument counsel for the proponent argued that the money assets of the estate are on deposit in a bank savings account and thus are receiving a low interest income despite the fact that the will authorizes the executors "in their discretion (to) invest my funds in government bonds *240 or in first mortgages." In these days of inflated prices and precarious conditions in the real estate market I do not criticize the executors for their conservatism in investment. Safety of principal must be the watchword of fiduciaries. Moreover, the estate is less than $3,000.
The order to show cause will be discharged.
I will sign an appropriate order.