## REYNOLDS, adm'r, vs. CANAL & BANKING CO. OF N. O.

1. MORTGAGE: *Right of mortgagee to rents and profits.*

   After forfeiture, the mortgagee is usually entitled to possession of the mortgaged premises, and must apply the rents and profits to the mortgage debt; but he is not entitled to the rents and profits until he has taken possession, or the necessary steps to obtain possession.

2. ADMINISTRATOR: *When not liable for rents and profits received from mortgaged property.*

   If a mortgagee, who has taken the necessary steps to obtain possession of the mortgaged premises, permits the administrator to take the rents and profits for the benefit of the heirs of his intestate, and charges himself with such rents, the administrator is not chargeable with them in his settlement with the Probate Court.

3. ————. *Not chargeable, in settlement, for waste.*

   An administrator is not, in his settlement with the Probate Court, accountable for waste, whatever his liability therefor may be otherwise.

4. ————: *Allowance for fees paid to Attorney.*

   Where there is no order of the Probate Court authorizing an administrator to employ an attorney, it is in the discretion of the Probate Court to allow him credit for fees paid to an attorney, and its order is conclusive, where no abuse is shown.

5. ————: *Commissions.*

   An administrator is not entitled to commissions on indebtedness which is satisfied by the foreclosure, in a Court of Chancery, of a mortgage security. The allowance of commissions within the maximum fixed by statute, is within the sound discretion of the Probate Court, and will only be controlled in case of abuse.

APPEAL from *Chicot* Circuit Court.

Hon. JOHN A. WILLIAMS, Special Judge of Circuit Court.

*D. H. Reynolds,* for appellant.

Administrator can only be charged, above the statements of his account, by matter alleged and proved. 2 Brad. Sur. Reps., 165; 1 ib., 265; Williams on Ex'rs., 1874. Party cannot have more than is claimed in pleading. 5 Ark., 513; 8 Ark., 456. Error in the charge of $6,000.

Due care taken of the cabins, and the administrator not responsible. *Fudge* v. *Durn,* 51 Mo. Rep., 264; Williams on Ex'rs., 1529–30, and cases cited in the note thereto.

The attorney's fee of $450 should have been allowed as a matter of propriety, notwithstanding the letter of the law. Williams on Ex'rs., 359; Sedg. on Stat. Law, 2347.

Administrator should be protected in doing what the court would have ordered on application. 7 Vesey Jur., 150; 4 Vesey Jur., 369; *Tiner, adm'r.*, v. *Christian, admr.*, 27 Ark., 30; W'ms. on Ex'rs., 1778 and 1580-1, and note citing cases.

Lands are assets, and administrator entitled to commissions on those sold under foreclosure against estate. Gould's Dig., chap. 4, secs. 67 and 164; p. 121, sec. 101; 21 Ark., 65; 25 Ark., 318. W'ms. on Ex'rs., 1148 and n.; 18 Ark., 85 and 170, like costs of suit. W'ms. on Ex'rs., 849; Succession of Girod Herring's Digest, p. 1520, par. 14; 1 Tucker Sur. Rep., 130.

Commissions should be upon each item, and not an aggregate sum. Gould's Dig., ch. 4, sec. 123.

*Garland,* for appellee.

The evidence sustains the allowance of the exceptions.

The attorney's fee was not based on any order of court. Gantt's Digest, p. 181, sec. 197, note.

No commission allowable on the sum of $1,837.50 retained by Commissioner in Chancery. Ib., p. 171, sec. 122 and note.

The court was favorable to the administrator and he should be satisfied.

HARRISON, J.:

The New Orleans Canal and Banking Company, a creditor of the estate of Francis Griffin, deceased, filed in the Circuit Court of Chicot county, having then jurisdiction in matters of administration, exceptions to the account current of Edward P. Johnson as administrator of said estate.

Upon the hearing certain of the exceptions were allowed, and the court ordered the account to be restated and corrected in accordance therewith.

Johnson having died during the pendency of the exceptions, Daniel H. Reynolds, his administrator, excepted to the decision of the court in sustaining the exceptions, and also in refusing to allow more than three per centum on the aggregate sum of $5,029.64, as compensation for risk and trouble in the settlement of the estate, and appealed.

The first objection presented by the appellant's bill of exceptions, is, that the administrator is charged with $6,000 rent of the Point Chicot plantation for the year 1869.

It was proven that he received from Sessions, who had leased it, $6,000 for the rent of said plantation that year. But he denied that said rent was part of the assets of the estate, and claimed that John L. Whitaker, executor of Horace F. Walworth, who held a mortgage on the plantation, the condition of which was forfeited, was entitled to the rent that year, and, being so entitled, he had relinquished the same to him for the benefit of the heirs of Griffin, one of whom was his wife.

Whitaker, it appears, had recovered judgment in ejectment against Sessions, the tenant, for the plantation, which was superseded by an appeal to this court, and had brought suit in equity to foreclose the mortgage. To have the matter settled without any unnecessary delay, he agreed with Johnson, who could make no real defense to the suit for foreclosure, in consideration that he would not protract the litigation, and would allow the suit to be determined on its merits at the next term of the court, to relinquish to him, for the benefit of the heirs of Griffin, who, as the estate was insolvent, would otherwise get nothing, the rent of the plantation for that year. Accordingly, the cause was heard at the April term, 1869, when a decree was rendered for a foreclosure and a sale of the plantation, and Whitaker gave to Johnson a receipt for the rent.

The plantation was sold and only brought the amount of the decree. It does not appear whether the rent was accounted for

in the rendition of the decree, or for what sum the same was rendered.

The action of ejectment was begun on the 16th of April, 1868, but the date of the judgment is not shown, yet as it was rendered at a term previous to the April term, 1869, it most probably was before the beginning of that year. No rent or damages were recovered in the judgment, but, upon its affirmance by this court the plaintiff would have been entitled to recover on the supersedeas bond, the rents accruing between the date of the appeal and of the affirmance. What became of the appeal, whether it was dismissed, or whether the judgment was affirmed or reversed, there is nothing in the record before us to show, and the proceedings in that suit, so far as exhibited by the bill of exceptions, offered no satisfactory evidence as to whether the administrator, or the mortgagee, was entitled to the rent in question. But, as a general thing, the mortgagee, after forfeiture, is entitled to take possession of the mortgaged premises, and there is nothing appearing in this case to countervail the presumption of such right. He does not, however, take the rents and profits absolutely, but subject to an account, and to be applied by him to the extinguishment of the mortgage debt, and for that purpose only does he take possession. Nor is he entitled to the rents and profits until he has taken possession of the premises, or taken necessary steps to obtain such possession. It becomes important, therefore, to fix the time from which Whitaker was entitled to the rents.

We cannot hesitate in the conclusion, from the facts disclosed, that the mortgage was forfeited, and Whitaker entitled to take possession. It was, therefore, competent and proper for Johnson to surrender it to him without suit, which he virtually did by the agreement before stated. We may safely then conclude that Whitaker was entitled, not only to the rent thereafter to accrue,

but such as had already accrued for that year.    Cruise's Digest, Tit. 28, c. 1, sec. 65; *Burden* v. *Thayer*, 3 Met., 76.    But the question remains : Did he account . for it, to the estate, in the satisfaction and discharge of the mortgage debt?    The evidence is wholly silent on that point.    There is nothing to indicate that it was taken into account by the court when rendering the decree, or that it was ever afterwards credited thereon.

As it was not collected or even due when the decree was made, we see nothing to lead us to infer the credit was then admitted, and we cannot infer, in the absence of all proof, that it was subsequently given.    The only evidence in regard to the amount at the time of the· sale, to be gleaned from the bill of exceptions, is the expression in the admission of the parties that "the plantation brought at the sale only the amount of the decree."

If actually applied towards the extinguishment .of the mortgage, and the estate so received the benefit of it, the creditors of ·Griffin have no reason to complain that Johnson was allowed by Whitaker to retain it for the heirs, for they suffered no injury, but if not so applied, Johnson should be, and was, rightly charged with it in his account.

Standing in the relation of trustee to the creditors and heirs, ·Johnson could not use the property of the estate, nor his relation to it, for his own personal advantage, or that of the heirs, against the creditors.    Perry on Trusts, secs. 427, 428.

And until the creditors were paid, the heirs were entitled to nothing.

It is further insisted that if chargeable at all, he should not have been with more than $4000, the amount he is alleged, in the creditors' exception, to have received.

In answer to this, it is only necessary to say it was the plain ·duty of the court to charge the administration with whatever :amount he received, though no exception had been filed to the .account.

The second objection is, that the administrator is charged with. $300, the value of two frame cabins removed from the Tecumseh plantation.

The evidence is, that the cabins being in a ruinous and falling condition, the administrator gave a person who promised to replace them, or pay their value, permission to take them away. There is no proof that anything was ever paid.

For anything that appears to the contrary, the cabins were part of the realty, and their removal an act of waste.

The administrator is entitled to the possession of his intestate's lands only as assets for the payment of his debts, for which purpose he may take the rents and profits, or, under the order of the court, sell them; and he is not in his settlements, however he may be otherwise, accountable for waste. He should not, therefore, have been charged with the value of the cabins.

The third objection, is the refusal of the court to allow a credit; for $450, paid an attorney for defending the before mentioned action of ejectment.

No order authorizing him to employ an attorney for such purpose was made by the court; and as it was in its sound discretion to do so or not, its refusal to allow the administrator credit for such expense in his account, when no abuse of its discretion is shown, must be conclusive. Gantt's Digest, secs. 195–97; *Tinor* v. *Christian*, 27 Ark., 306; *Turner* v. *Tapscott, supra.*

The next is the refusal to allow him credit for $1857.50, percentage or commissions on the amount the Point Chicot plantation, sold under the decree of foreclosure and sale of the Chancery Court.

We are at a loss to conceive upon what grounds the claim for this credit is asserted. That portion of the estate was withdrawn from the jurisdiction of the Court of Probate by the Chancery Court, and applied by that court to the satisfaction of the debt

for which it was specially pledged or mortgaged, and the proceeds of the sale were never assets in his hands, and he was subjected to no risk or trouble on account of the same, for which he should be compensated.

The remaining objection is that he was entitled, as compensation, to ten per centum on the sum of $1000, and five per centum on $4029.64, but was only allowed three per centum on the aggregate sum. It was admitted that he had been allowed in a former settlement commissions according to these higher rates.

The compensation an executor or administrator shall receive for his risk and trouble in the settlement of the estate, except as to maximum rates of per centage, rests in the sound discretion of the court, which, though it cannot exceed, may allow less than those rates; and its discretion, unless grossly abused, is not subject to review. Gantt's Digest, sec. 122; *Bell ex parte*, 14 Ark., 76.

In the above case the court say: " The Probate Court may therefore properly, in the exercise of a sound discretion, fix the compensation at a rate of commission less than the maximum allowed by law, while in another case it might, with equal propriety, allow the maximum of ten per centum commission for the first one thousand dollars of the true value of the estate, five per cent on the next four thousand dollars of that value, and three per centum for so much of that value as was beyond five thousand dollars."

Whilst we would not reverse this case on the ground of the uncertainty of the proof as to the application of the rent, and so overrule the decision of the court below on a question of fact, yet as it has to be reversed because of the error in charging the administrator with the value of the cabins, we deem it proper to direct a rehearing of the exception filed to the account as to the said rent.

The judgment of the Circuit Court is reversed and the cause is remanded to it, with instructions to remand the same to the Court of Probate that a new hearing of said exceptions may be had, and that said error in regard to the value of the cabins, may be corrected, and that the cause be proceeded in according to law.