BRICKEY *v.* COTTER, ADMINISTRATOR.

Opinion delivered July 5, 1915.

MORTGAGES—ADMINISTRATOR IN POSSESSION—RIGHT OF MORTGAGEE TO RENTS COLLECTED.—The administrator of deceased mortgagor was in possession of lands, upon which appellants held a deed of trust. *Held,* the possession of the administrator was the same as that of a mortgagor in possession, and appellants would not be entitled to the rents from the lands, where they were not in possession of the same, and had made no attempt to obtain possession.

Appeal from Lee Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

In December, 1913, appellants, under the power conferred in various deeds of trust held by them, advertised for sale the lands embraced in those deeds. Thereupon various unsecured creditors of Peter Brickey, the maker

of the deeds of trust, applied to the probate court for the appointment of an administrator, and after the appointment of the administrator, he and others instituted a suit in the chancery court, alleging that Peter Brickey was the owner of the lands described in the various deeds of trust at the time of his death; that the indebtedness secured by some of these deeds of trust was barred by limitations; that Brickey did not owe the amount alleged to be due under all of the various deeds of trust, and that the lands which the appellants were proposing to sell under said deeds were of greater value than the amount of the indebtedness due; that Brickey was indebted to them as well as to the appellants, and that a sale under the terms of the deeds of trust as advertised would result in loss to the other creditors of Peter Brickey because the property, if sold as a whole, would not bring a price equal to that at a sale in separate parcels; that the sale, if made as advertised, would prevent any fair and reasonable price being offered for the land, and would result in a sacrifice of the assets of the estate of Peter Brickey, deceased. They alleged that the purpose of the appellants in so advertising the lands was with a view to acquiring the property embraced in the deeds of trust for a much smaller sum of money than their real value. They set up if an adjustment were had of the amounts due the appellants under prior mortgages, and an accounting showing the real condition of the indebtedness, the lands, when sold to pay the same, would result in a large surplus after discharging the indebtedness due the appellants under their trust deed, and that such surplus would be assets in the hands of the administrator for the payment of other debts due by the estate of Peter Brickey. They prayed that **an injunction issue** restraining the appellants from foreclosing their trust deeds in the manner advertised by them, and that an accounting be had and the assets of the estate of Peter Brickey be marshalled so as to permit the appellees to have such of these assets as were not necessary to discharge the indebtedness due appellants paid to the other creditors of the estate.

The appellants answered the complaint of appellees, admitting the death of Brickey, the appointment of the administrator, and their attempt to foreclose the trust deeds as set up in the complaint. They denied that the value of the property was equal to their debt, and made their answer a cross-complaint, setting up and describing the lands included in their trust deeds, giving the dates and the amount of indebtedness covered by each, and prayed that others, heirs of Peter Brickey, and his administrator, be made parties; that judgment be rendered in their favor against the administrator of the estate for the sum due them under their trust deeds, and that if same were not paid within twenty days that the property be sold by order of the chancery court through a commissioner duly appointed for that purpose; that a receiver be appointed "to take charge of the real estate mentioned in the herein described deeds of trust, to rent out the same and collect the rents therefrom and apply said amounts to the payment of the notes herein mentioned, or hold the same subject to the orders of the court."

The cause was presented at the March term, 1914, of the chancery court, and was taken under advisement by the chancellor and a decision rendered by him in July.

The court found that all the indebtednesses alleged to be due under the various deeds of trust were valid, except the sum of $3,000, included in one of these, which was barred by the statute of limitations. The court rendered a decree ordering the lands to be sold and appointed a commissioner to execute the same, which he did on the 20th day of October, 1914. The amount for which the lands were sold was much less than the sum which had been decreed in favor of the appellants. The lands were bought in by the appellants. The commissioner made his report to the November term of the court, and the sale was confirmed.

After this, towit, December 11, 1914, the appellants instituted this suit against the appellees, setting up in their complaint substantially the above facts, and alleging in addition that the appellants, as cross-complainants

in the original suit instituted by the administrator and others, had prayed for the appointment of a receiver, and that no receiver was appointed; that appellee Cotter, as administrator, had rented out the land for the sum of $2,000 for the year 1914, and had collected the same or had notes evidencing the amount due in his possession. They set up that, having begun proper proceedings to get possession of the property that inasmuch as the amount for which the property sold under the decree of the chancery court was not sufficient to pay the indebtedness due them under the decree of the court, they, having become purchasers of the land, were entitled to the rents for the year 1914, to be applied on the balance due them under the decree. They therefore prayed that a receiver be appointed to collect such rents as had not been collected for the year 1914, and that appellee Cotter be directed to pay over any amount of rent collected by him as administrator for the year 1914 to the receiver, and asking that appellee Cotter be named as receiver.

Appellees demurred to the complaint, setting up that the facts alleged do not constitute a cause of action. The court sustained the demurrer and entered a judgment dismissing the complaint, from which this appeal has been duly prosecuted.

*W. J. Lamb,* for appellants.

When default was made in the payment of the notes and interest, secured by the deeds of trust, and the land was advertised for sale, appellants were at once entitled to possession and rents and profits provided the *corpus* was insufficient to pay the debt. When the answer and cross-complaint was filed, appellants were entitled to rents and profits. The chancellor misinterpreted our decisions. 68 Ark. 586; 97 *Id.* 262.

*Daggett & Daggett* and *Roleson & McCulloch,* for appellee.

If appellants have any ground to contend for rents and profits, it must be under Kirby's Digest, § 6354. The questions here are settled by 68 Ark. 586, and 97 Ark. 262.

WOOD, J., (after stating the facts). When suit was instituted against appellants to enjoin them from foreclosing their trust deeds under the power contained therein the appellants, while denying the allegations of the complaint in that suit, did not ask that the complaint be dismissed and that they be allowed to foreclose under the power contained in their trust deeds. On the contrary, they made their answer a cross-complaint, in which they set up the indebtedness alleged to be due them by the estate of Peter Brickey, deceased, and prayed that the chancery court grant them a decree for the amount of that indebtedness, and that the deeds of trust securing such indebtedness be foreclosed by the chancery court, and that the lands securing the indebtedness be sold by the orders of the chancery court. While in their cross-complaint they allege that the estate of Peter Brickey was insolvent, and that the indebtedness due them from the estate was in excess of the value of the lands given as security therefor, and while they asked that a receiver be appointed to take charge of the real estate and to rent out the same and collect the rents and hold the same subject to the orders of the court, yet they did not insist on a ruling of the court as to the appointment of such receiver. It does not appear that any testimony was introduced on that issue. They did not demand any ruling of the court granting the prayer of their complaint in that particular; but, on the contrary, they permitted the administrator to hold the possession of the lands until after the sale was made under the orders of the chancery court and allowed the administrator to retain the possession of said lands until the commissioner made his final report to the court, and their deeds were confirmed. If appellants had taken the necessary steps to prove the allegations of their cross-complaint, to the effect that the lands were insufficient in value to discharge their mortgage debt, and that the estate of Peter Brickey was insolvent, and had demanded of the chancery court, on this showing, that a receiver be appointed, then they would be in a position, if the chan-

cery court had denied their request, to urge that they were entitled to the rents for 1914. But, as they did not do this, they are in the attitude of consenting that the administrator of Brickey should hold the possession of the lands as a tenant by sufferance.

We held in *Reynolds, Admr.*, v. *Canal & Banking Co.*, 30 Ark. 520, that a mortgagee was not entitled to the rents and profits until he had taken possession, or the necessary steps to obtain possession. Here the facts set forth in the complaint are not sufficient to show that the appellants, as the mortgagees or beneficiaries in the deeds of trust, had taken the necessary steps after asking for a foreclosure of their deeds of trust through the chancery court, to deprive the mortgagor, or, in this case, the administrator of his estate, of the right to the possession of the premises during the foreclosure proceedings. If Peter Brickey had been living and had instituted the same proceedings to enjoin the appellants from proceeding to foreclose the deeds of trust under the power contained therein, making the same allegations as his administrator made in the suit to enjoin, he would have been entitled to the relief prayed upon proving the facts alleged. And if the appellants, instead of insisting on their right to foreclose under the power and asking affirmative relief of that sort, had answered merely denying the allegations, and then, by way of cross-complaint, had asked the chancery court to foreclose the deeds of trust, and had introduced proof to show that the mortgaged property was probably insufficient to discharge the indebtedness of Peter Brickey to them, and had not insisted on the court appointing a receiver until after the sale had been made and confirmed, and until after Brickey had collected the rents for 1914, then they would not be entitled to these rents by virtue of their purchase at the foreclosure sale, and would not be in a position to compel Brickey to account to them for such rents. The administrator's status in this suit is precisely the same as would have been Peter Brickey's in the case supposed.

The facts set forth in the complaint and admitted by the demurrer show that at the time of the institution of this suit, which was December 11, 1914, the appellee, Cotter, as administrator of the estate of Peter Brickey, deceased, had collected the rents for the year 1914, or taken notes for the same, as the property of the estate. The facts show that the commissioner sold the lands, under the order of the chancery court, in October and reported the same to the November term, when the same was confirmed. Appellants, therefore, did not acquire their title under the foreclosure proceedings until the confirmation of the sale, and during all this time they had permitted the administrator of the estate of Peter Brickey to retain possession of the lands and had not attempted to disturb his possession until, as the allegations of their complaint of December 11 show, he had collected the rents for the year 1914, as the administrator of the estate.

In *Deisch* v. *Moore,* 97 Ark. 262, this court held that "a purchaser at a mortgage sale is not entitled to recover from the mortgagor in possession the rents and profits during the period allowed for redemption." And in *North American Trust Co.* v. *Burrow,* 68 Ark. 584, we said: "The status of the owner of the equity of redemption in possession and during the period allowed for redemption, is that of a tenant by sufferance, who is not required to pay rent."

These principles are applicable here; for the possession of the administrator of the estate of Peter Brickey, as we have seen under the admitted facts, was the same as that of a mortgagor in possession, at least until the confirmation of the sale to appellants under the decree of the chancery court. Up to this time the appellants had neither taken possession nor the necessary steps to give them possession. The decree is therefore affirmed.