## Osburn *v.* Lindley.

### Opinion delivered March 24, 1924.

1. Exemptions—purchase money.— Under Const., art. 9, § 1, providing that "no property shall be exempt from execution for debts contracted for the purchase money therefor," *held* that the rents and profits of land, after institution of a suit to foreclose a vendor's lien and the appointment of a receiver, stand in the same category as the land itself, and are not exempt.

2. Vendor and purchaser—nature of vendor's lien.—A "vendor's lien" in equity is of the same nature as a mortgage, and is treated and enforced as such.

3. Vendor and purchaser—vendor's lien—application of rents.— Upon default in payment of the purchase money of land, the vendor may file his bill in equity and procure the appointment of a receiver *pendente lite* to sequester the earnings of the property for his benefit during the pendency of the suit.

Appeal from Washington Chancery Court; *Ben F. McMahan*, Chancellor; affirmed.

*John Mayes,* for appellant.

1. The judgment here is on debt by contract, and appellant was entitled to the exemptions allowed by law. Const., art. 9, § 2; C. & M. Digest, § 5545.

2. Appellant claimed his exemptions in the manner prescribed by the statute. C. & M. Digest, 5549. Being a fund in court, it was proper to apply directly to the court. 131 Ark. 581; 202 S. W. 241; 31 Ark. 652; 68 Ark. 102; 56 S. W. 635; 82 Am. St. Rep. 282; 79 Ark. 399; 155 Mo. 166.

*H. L. Pearson,* for appellee.

1. The fund in the hands of the receiver, derived from the rents and profits from the land on which existed the vendor's lien, was not subject to the exemption claims

to the debtor.   65 Ark. 129; 73 Ark. 589; 71 Ark. 484; 65 Ark. 316; 97 Ark. 397.   See also 72 Ark. 350; 141 Ark. 572; 144 Ark. 79; 146 Ark. 472; 147 Ark. 211.

2.   The appointment of a receiver in this instance was authorized by the statute..   C. & M. Digest, § 8612. And equity has extended the practice of appointing receivers to impound the rents and profits of mortgaged property, to all holders of liens, where the lands are insufficient to pay the indebtedness, or the defendant is insolvent.   19 R. C. L. 369-372; 202 Ala. 677; 1 Jones on Mortgages, 5th ed., 609; 2 *Id.*, 5th ed., 442.

WOOD, J.   On October 2, 1920, the appellants purchased of the appellee certain real estate in Washington County, Arkansas, and paid thereon, in cash, the sum of $2,000, and executed their two promissory notes in the sum of $1,000 each for the balance of the purchase money. These notes were secured by a vendor's lien.   The purchase by appellants was subject to a mortgage in favor of the Farmers' & Merchants' Bank of Springdale, Arkansas, for the sum of $3,000.   The appellants failed to pay the notes when due, and the appellee instituted an action to recover the amount of the notes and to foreclose his vendor's lien.   A receiver was appointed to take charge of the property.   He did so, and reported to the court that he had in his hands, after deducting all expenses of the receivership, the sum of $454.22, which he had realized from the fruit and berries produced on the lands during the year 1922.   The court entered its final decree on June 22, 1922, in favor of the appellee for the sum of $2,269.74, and directed the lands to be sold, subject to the prior mortgage in favor of the bank, to pay the judgment.

On November 22 the appellants filed a claim for exemptions in the sum of $500, and prayed the court to direct the receiver to allow them that sum out of the amount in his hands.   The court refused this prayer, and directed that the amount in the receiver's hands, less the sum of $25, be applied toward the satisfaction of the decree in favor of the appellee against the appellants.

The appellants appeal from that part of the decree which refused their claims for exemptions.

No attack is made upon the order of the court appointing the receiver to take charge of the property. Article 9, § 1, of our Constitution provides "that no property shall be exempt from execution for debts contracted for the purchase money therefor while in the hands of the vendee." The bringing of this action and the petition asking for the appointment of a receiver to take charge of the rents and profits of the lands on which the vendor's lien existed had the effect of impounding the proceeds of those rents and profits in the hands of the receiver for the benefit of the vendor, to be appropriated in satisfaction of the decree in his favor for the purchase money. The rents and profits on the lands, after their sequestration by the institution of this suit and the appointment of a receiver, stand in the same category as the land itself. A vendor's lien in equity is of the same nature as a mortgage, and is treated and enforced as such. *Priddy & Chambers* v. *Smith,* 106 Ark. 79; *Corcorren* v. *Sharum,* 141 Ark. 572, at page 578.

The vendee, up to the time of the institution of the suit, was entitled to the possession of the lands and the rents and profits derived therefrom, but, after this suit was instituted, the vendor had the right to have these rents and profits applied toward the satisfaction of the debt for the purchase money. See *Mo. Pac. Ry. Co.* v. *Frost,* 146 Ark. 472. A vendor, upon default in the payment of the debt for the purchase money, may file his bill in equity to obtain foreclosure and sale, and may, in proper cases, apply for the appointment of a receiver, or any other proper method to sequester for his benefit the earnings of the property during the pendency of the suit. 2 Jones on Mortgages, § 670. The undisputed facts of this record show that the appellant was insolvent, and that the proceeds of the sale of the lands and the funds in the hands of the receiver were not sufficient to pay the debt of the appellants to the appellee for the

purchase money. It follows that the appellants were not entitled to the exemption claimed by them. The decree of the trial court to that effect is in all things correct, and it is therefore affirmed.