DEMING INVESTMENT COMPANY *v.* BANK OF JUDSONIA.

Opinion delivered January 11, 1926.

1. LANDLORD AND TENANT—EFFECT OF ASSIGNMENT OF RENT NOTE.—Assignment by a lessor of a rent note to a *bona fide* purchaser for value before the transfer of the reversion by the lessor operates as a severance of the rent from the reversion.

2. MORTGAGES—EFFECT OF MORTGAGE ON RENT OF LAND.—Where a mortgage of land did not expressly include the rents thereon, the rents and profits belonged to the mortgagor or to a third

person claiming under him, though a receiver may be appointed to collect the rents where it appears that the mortgaged property is in danger of being lost, or that the conditions of the mortgage have not been performed, and the property is probably insufficient to discharge the mortgage debt.

3.  MORTGAGE—POWER OF MORTGAGOR.—A mortgagor may lease, sell or deal with the mortgaged premises as owner so long as he is permitted to remain in possession, and so long as it is understood that every person taking under him takes subject to all the right of the mortgagee unimpaired and unaffected.

4.  MORTGAGES—RIGHTS OF ASSIGNEE OF RENT NOTE.—Where a foreclosure decree appointed a receiver and directed him to rent the land to a lessee who had given rent notes to the mortgagor, but the receiver did not qualify or interfere with the lessee's possession until after the land had been sold, there was no sequestration of the rents until the receiver qualified, and the holder of the rent notes was entitled to the rent up to that time.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; reversed.

STATEMENT BY THE COURT.

The Deming Investment Company brought this suit in equity against Thomas W. Taylor and others to foreclose a mortgage on real estate. The suit was filed on February 1, 1924.

J. C. Rhew, one of the defendants, filed an answer in which he stated that he had rented the land from Thomas W. Taylor and was in possession of it. That he had executed his promissory note in the sum of $300, due and payable on November 1, 1924, for the rent of said land for the year 1924.

The Bank of Judsonia filed an answer in which it claimed that Thomas W. Taylor had transferred the rent note of J. C. Rhew to it in good faith for value received.

The decree of foreclosure was entered of record on March 10, 1924. The chancery court found that the mortgage indebtedness of Thomas W. Taylor to the Deming Investment Company amounted to $2,460.83, and a decree of foreclosure was entered for that amount. A commissioner was appointed to sell the mortgaged property, if payment was not made within sixty days. It was also

decreed that a receiver be appointed to rent the property to J. C. Rhew for the year 1924, for the sum of $300, and the Bank of Judsonia was directed to deposit in the registry of the court the rent note of J. C. Rhew for $300 payable to Thomas W. Taylor for the rent of said land for the year 1924 and transferred by said Taylor to the Bank of Judsonia.

Default having been made in the payment of the mortgage indebtedness, the commissioner sold the land pursuant to the decree of the court on the 9th day of June, 1924, and the Deming Investment Company became the purchaser at the sale for the sum of $1,000. The report of sale was approved by the court on the 8th day of September, 1924. The receiver did not qualify as such until the 28th day of June, 1924, and on that day subscribed to an oath as receiver and also filed the bond required by the court.

The chancery court found that J. C. Rhew was not liable to the plaintiff or to the receiver for the rent of the land for the year 1924, but that he was liable to the Bank of Judsonia on his rent note. It was therefore decreed that the complaint of the plaintiff Deming Investment Company against J. C. Rhew and the Bank of Judsonia be dismissed for want of equity. To reverse that decree, the plaintiff and J. C. Rhew have duly prosecuted an appeal to this court.

*John E. Miller* and *Culbert L. Pearce,* for appellant.

*W. D. Davenport,* for appellee.

HART, J., (after stating the facts). In *Gaily* v. *Ricketts,* 123 Ark. 18, it was held that the purchaser of land at a commissioner's sale in partition, in the absence of a reservation of the rent or the right to growing crops, acquires, upon confirmation of the sale, a right to the same. This court has also held that a purchaser at a mortgage foreclosure sale is entitled to possession and to the rents and profits, including ungathered crops, after notice to quit and the demand for rents and profits has been made. *Oliver* v. *Daffenbaugh,* 166 Ark. 118.

Reliance is placed upon the principles of law decided in these cases for a reversal of the decree and the direction to pay the whole of the $300 rent note to the plaintiff. We do not regard the principles of law decided in these cases as controlling here; for the reason that in neither of them were the rights of a *bona fide* purchaser of the rent note involved. An assignment of a rent note by the lessor to a *bona fide* purchaser for value before the transfer of the reversion by him operates as a severance of the rent from the reversion. Therefore, in such cases the rent can not pass to the grantee of the reversion. *Cheatham* v. *J. W. Beck Co.*, 96 Ark. 230.

In the application of this rule to a case like *Gailey* v. *Ricketts, supra*, where the rights of a purchaser at a commissioner's sale in a partition suit were under consideration, it would be said that the holder of the rent note would be protected. In such a case the owners of the land would have the absolute right to transfer the rent note, and the purchaser thereof in good faith would be the owner of the rents, and no subsequent sale could affect his rights. It is manifest that a subsequent sale would impair the obligations of his contract. It is equally manifest that nothing can be done by the mortgagor subsequent to the execution of a valid mortgage which can impair the rights of the mortgagee.

In the case at bar there was no mortgage of the rent. Consequently the rents and profits were not pledged by a mortgage on the land, and they belonged to the mortgagor or third person claiming under him, subject to the rights of the mortgagee in the premises. In equity a mortgage of lands is only security for the mortgage indebtedness. Hence the mortgagor has a right to lease, sell, and in every respect to deal with the mortgaged premises as owner so long as he is permitted to remain in possession, and so long as it is understood and held that every person taking under him takes subject to all the rights of the mortgagee unimpaired and unaffected. 4 Kent, Com. * 157; *Greer* v. *Turner*, 36 Ark.

17; *Teal* v. *Walker,* 111 U. S. 242; *Rider* v. *Bagley,* 84 N. Y. 461; and *Gaynor* v. *Blewett,* 82 Wis. 313, 33 Am. State Rep. 47.

In the case last cited, it was said that the rents and profits of lands are not pledged by a mortgage of the lands merely, but belong to the owner of the equity of redemption until the court, for equitable reasons, shall appoint a receiver to collect them for the benefit of the mortgagee, or direct the receiver to take possession of the mortgaged premises and the rents and profits of the same, to the end that the rents realized may be applied to the payment of any deficiency that may remain unpaid after applying the proceeds of the sale of the mortgaged premises.

It was further stated that the appointment of a receiver for that purpose is a matter resting in the sound discretion of the court, and gives the plaintiff in the foreclosure suit an equitable lien upon the accrued and unpaid rents.

In recognition of this equitable rule, our Legislature has provided that, in an action by a mortgagee for the foreclosure of a mortgage, a receiver may be appointed where it appears that the mortgaged property is in danger of being lost, or that the conditions of the mortgage have not been performed, and the property is probably insufficient to discharge the mortgage debt. Crawford & Moses' Dig., § 8612, and *Van Pelt* v. *Russell,* 134 Ark. 236.

Under the facts disclosed in the record, we are of the opinion that there was no sequestration of the rents in this case until the receiver took the oath of office and filed his bond on the 28th day of June, 1924. It is true that the decree of foreclosure entered on the 10th day of March, 1924, provided for the appointment of a receiver; but that decree also directed the receiver to rent the land to J. C. Rhew for the sum of $300 due on November 1, 1924. The Bank of Judsonia was also directed to deposit in the registry of the court the rent note of J. C. Rhew

to Thos. W. Taylor due November 1, 1924, for the sum of $300. So the decree recognizes the rights of the tenant to the possession of the land and reserved for adjudication the rights of the Bank of Judsonia as transferee of the rent note, and Rhew will only be required to pay the rent note one time.

Now it was not known that there would be a deficiency in the mortgage indebtedness until the commissioner's sale was had on June 9, 1924. No other ground for equitable interference in the possession of the mortgagor of the mortgaged premises was shown. The receiver did not take the oath of office nor file his bond as receiver until the 28th day of June, 1924. Hence we do not think his appointment became effective until that date, and that there was no sequestration of the rents until that time. Accrued rents are those which have been earned at the time the rents are actually impounded. As above stated, we do not think that there was any actual sequestration of the rents until the receiver qualified as such. There is nothing in the record to show that there was any actual interference with the possession of the tenant of the mortgagor in the land until that time. Consequently we are of the opinion that the Bank of Judsonia, as transferee of the rent note of the mortgagor, is entitled to the rent which had been earned or accrued when the receiver qualified as such on the 28th day of June, 1924, and that the mortgagee is only entitled to the rents after that date.

It follows that the chancellor erred in holding that the Bank of Judsonia was entitled to the whole of the $300 rent note. Under the views expressed above, the bank was entitled only to one-half of the amount of the rent note, and the plaintiff as mortgagee was entitled to the remaining half.

Therefore the decree will be reversed, and the cause will be remanded with directions to enter a decree in accordance with this opinion, and for further proceedings in accordance with the principles of equity.