## PURVIS *v.* ELDER.

## Opinion delivered December 12, 1927.

1. MORTGAGES—DIVISION OF RENT AS AGAINST MORTGAGEE.—Where a receiver was appointed under a foreclosure decree and had possession for three months of the year, the mortgagors having retained possession for nine months, the latter and their assignee were entitled to three-fourths of the rents as against the mortgagees.

2. LANDLORD AND TENANT—WHEN RENTS MATURE.—A rental contract, providing that rents should be "one-fourth of the cotton or the proceeds thereof when marketed" *held* to cover one-fourth of the cotton raised, so that the rents matured before the cotton was marketed.

3. FRAUDULENT CONVEYANCES—BONA FIDE PURCHASER.—One who took an assignment of a rent contract, agreeing to pay a specified sum for it, and having advanced a portion of such sum for that purpose, *held* to be a *bona fide* purchaser of the rent contract for value, with a valid claim for the rent as against a mortgagee claiming under Crawford & Moses' Dig., § 8612, in the foreclosure proceeding.

Appeal from Prairie Chancery Court, Northern District; *Frank H. Dodge,* Chancellor; affirmed.

*Emmet Vaughan* and *W. P. Biggs,* for appellant.

*Daggett & Daggett,* for appellee.

HUMPHREYS, J. This is an appeal from the decree rendered in the chancery court of Prairie County in favor of appellees for three-fourths of the rents for the year 1925 on a large plantation, upon an intervention of said appellees in a suit of foreclosure brought in said court by appellants on a second mortgage upon said lands, which mortgage was owned by them.

According to the statement and abstract of appellants, they filed a foreclosure suit on the 8th day of June, 1925, and obtained a decree of foreclosure in the month of July following. They requested the appointment of a receiver to take charge of the lands and collect the rents at the time they instituted the suit, but did not secure his appointment until September 29, and he did not qualify until September 30 following. The record reflects that, according to the undisputed evidence, a part of the $10,000 Mrs. A. J. Elder, one of the appellees, agreed to advance in consideration of an assignment of the rent contract, was an agreement or obligation on her part to pay $5,000 to lawyers in Memphis and $1,000 to Daggett & Daggett; that her son, one of the mortgagors, owed them for services rendered and to be rendered. This obligation was incurred prior to the institution of the foreclosure suit, and, pursuant to the agreement, she paid the attorneys in Memphis $2,500 before the receiver was appointed and qualified.

On February 7, 1925, A. M. White leased 900 acres of the land from the owners thereof, who were the mortgagors in appellant's mortgage, for the year 1925. On April 23, 1925, said mortgagors assigned to Mrs. A. J. Elder, the mother of one of the mortgagors, and her co-appellees, the rent contract in consideration of an agreement on her part to advance the said mortgagors the sum of $10,000, and a consideration on the part of her co-appellees to accept the assignment as part compensation for legal services theretofore and to be thereafter performed. The rent contract was "one-fourth of the cotton, or the proceeds thereof when marketed," and

"one-fourth of the cotton seed, or the proceeds thereof when sold." Neither the first nor the second mortgage covered the rents upon the land. At the foreclosure sale the equity in the land brought $100,000, leaving a deficiency judgment of over $15,000 against the mortgagors; and, in order to collect the deficiency judgment, a sequestration of the rents was attempted under receivership proceedings, according to § 8612 of Crawford & Moses' Digest.

Appellants first contend for a reversal of the decree on the ground that the rents were not payable in money, and could not therefore be apportioned according to the time mortgagors remained in possession of the land. We see no difficulty in apportioning the rents because not payable in kind. One-fourth of the cotton raised on the place could be divided as easily as money. The receiver obtained possession of the premises on September 30, 1925, and retained possession thereof for three months, October, November and December, or one-fourth of the year 1925. The mortgagors retained possession thereof by tenants for nine months, or three-fourths of the year. This is the proportion adopted by the trial court in dividing rents. He adjudged three-fourths of the rent cotton to the interveners and one-fourth to appellants, according to the time that each had possession and control of the property. The division was made according to the rule announced by this court in the case of *Deming Investment Co.* v. *Bank of Judsonia*, 170 Ark. 65, 278 S. W. 634, as follows:

"Where a foreclosure decree appointed a receiver and directed him to rent the land to a lessee who had given rent notes to the mortgagor, but the receiver did not qualify or interfere with the lessee's possession until after the land had been sold, there was no sequestration of the rents until the receiver qualified, and the holder of the rent notes was entitled to the rent up to that time." See also *Wofford* v. *Young*, 173 Ark. 802, 293 S. W. 725.

Appellants next contend for a reversal of the decree upon the alleged ground that the rents had not matured

on September 30, the day the receiver was appointed, upon the assumption that they would not mature until marketed.

We do not think appellants' interpretation of the rental contract is in accordance with the intention of the parties. The correct construction of the language quoted above from the rental contract is that the lessors should have one-fourth of the cotton raised upon the place as rent, but, in case of a sale thereof while being gathered, the lessors should receive one-fourth of the proceeds. This interpretation is reflected by subsequent language used in the contract as follows: "The intent of the parties being, the lessors shall have one-fourth of all cotton raised on the entire place." The rent was necessarily for the use of the place for the entire year and not for any particular month in the year or for rent during the harvesting period.

Appellants' next and last contention for a reversal of the decree is that Mrs. Elder was not a *bona fide* purchaser of the rent contract for value. We do not agree with them in this position. She agreed to pay $10,000 for the rent contract, and assumed and agreed to pay $6,000 of that to attorneys who had been employed by her son, one of the mortgagors, and actually paid the Memphis firm of lawyers $2,500, which she borrowed from the bank for that purpose.

The assignment of the rent contract was in no sense a voluntary assignment.

No error appearing, the decree is affirmed.