CANTLEY *v.* TURNER.

4-4031

Opinion delivered November 11, 1935.

*W. E. Rhea, G. B. Segraves, Jr.,* and *G. B. Segraves,* for appellant.

*Ogan, Shaver & Ogan,* for appellee.

SMITH, J. This appeal grows out of an order distributing rents collected by a receiver in a real estate mortgage foreclosure. The court decreed that seven-twelfths of the rents collected by the receiver be paid to the plaintiff mortgagee and that five-twelfths of the rents be paid to the owner of the note given for the rent for the year in which the foreclosure proceeding had been brought, which note had been assigned to him by the mortgagor.

The foreclosure suit was filed December 9, 1932, and notice of *lis pendens* was filed the same day and recorded December 12, 1932. On February 23, 1933, the court appointed W. N. Killough receiver, and authorized him to

collect the 1933 rents. On the same day a motion was filed to revoke the appointment, and the court directed the receiver to refrain from qualifying as receiver pending the disposition of the motion. This motion was apparently abandoned, and the receiver qualified on May 23, 1933. There is some question whether the receiver filed his oath and bond on that day, but the finding of the court below that he did does not appear to be contrary to the preponderance of the evidence.

On September 25, 1933, L. E. Turner intervened in the foreclosure suit claiming the 1933 rents as pledgee of the note given by the tenant to the defendant landowner for the rent of that year under a power-of-attorney executed on the back of the note by the landowner. It was alleged that the power-of-attorney was executed October 4, 1932.

A decree was rendered on the same day ordering the foreclosure of the mortgage and appointing a commissioner to make the sale. Pursuant to this decree the mortgaged lands were sold to the plaintiff for $13,727.09, and the report of sale was approved January 22, 1934. This price left a deficiency of more than a thousand dollars. The rent note was for a thousand dollars. There is some question as to the date upon which the rent note was assigned and delivered to the intervener, but the decree based upon the finding that it had been assigned prior to the appointment of the receiver does not appear to be contrary to the preponderance of the testimony.

Upon the facts as thus found the decree from which both parties have appealed is correct.

Judge HUGHES, in his excellent work on Arkansas Mortgages, at § 470 thereof, says that: "The rents and profits and crops, after a receiver thereof has been duly appointed and qualified, are treated as part of the security. They stand in the same category as the land itself. The lien of the mortgage covers them." This statement of the law is fully supported by the following cases: *Ozburn v. Lindley,* 163 Ark. 260, 259 S. W. 729; *Deming Investment Co. v. Bank of Judsonia,* 170 Ark. 65, 278 S. W. 634; *Bank of Weiner v. Jonesboro Trust Co.,* 168 Ark. 859, 271 S. W. 952.

These cases are authority, of course, for the converse of the proposition, that, until foreclosure and sale or the appointment and qualification of a receiver, the mortgagor is entitled to the rents.

Practically five months of the rent year had expired when the receiver was appointed, and, of course, seven months of the year remained. The apportionment of five-twelfths of the rents to the intervener and seven-twelfths to the mortgagee accords with the rule applicable to such cases in this State. A recent case, in which earlier cases to the same effect are reviewed, is that of *Purvis* v. *Elder,* 175 Ark. 780, 1 S. W. (2d) 36. In that case it was held that when a receiver was appointed under a foreclosure decree, and had possession of the land for three months of the year, the mortgagors having retained possession for nine months, the latter and their assigns were entitled to three-fourths of the rents as against the mortgagees.

The decree, which conforms to these principles, is correct, and must therefore be affirmed on both the appeal and the cross-appeal. It is so ordered.