**FIRST FEDERAL SAVINGS OF ARKANSAS, F.A., Appellant,**

v.

**CITY NATIONAL BANK OF FORT SMITH, ARKANSAS, et al., Appellees.**

Civ. No. 88–2062.

United States District Court, W.D. Arkansas, Fort Smith Division.

July 12, 1988.

James Paul Beachboard, Little Rock, Ark., for appellant.

Dennis Sbanotto, Fort Smith, Ark., for Jewel R. Morris, Robert Gentry, and Odessa Gentry.

Neal Kirkpatrick, Fort Smith, Ark., for unsecured creditors' committee.

Robert Y. Cohen, II, Fort Smith, Ark., for City Nat'l Bank of Ft. Smith.

Jan K. Nielsen, Fort Smith, Ark., for First Nat'l Bank of Ft. Smith.

Morril H. Harriman, Van Buren, Ark., for Citizens Bank & Trust Co.

Ben T. Barry, Fort Smith, Ark., for First Nat'l Bank of Roland.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

This bankruptcy appeal presents, at bottom, a single legal issue for determination, namely, whether debtors' lender acquired an interest in debtors' rents by virtue of instruments executed in connection with a loan of $10,000,000.00. The bankruptcy court held that the lender did not acquire such an interest. For the reasons adumbrated below, this court is of the view that the lender acquired at the very least a mortgagee's interest in debtors' rents, and probably acquired the rents themselves, before the debtors filed their Chapter 11 petition. The judgment below will therefore be reversed.

### I.

In November of 1983, debtors arranged for a loan of $10,000,000.00 from appellants. In connection with this loan, debtors executed four documents: (1) a promissory note (Exhibit A to designated record); (2) a mortgage of real estate and an assignment of leases and rents all contained in one instrument (Exhibit B to same); (3) a UCC financing statement covering the property described in Exhibit B (Exhibit C to same); and (4) another assignment of leases and rents (hereafter "Assignment") (Exhibit E to same). The Assignment and Mortgage were recorded in the Office of the Circuit Clerk in the county in which the relevant realty was located; the UCC financing statements were filed there as well and at the Arkansas Secretary of State's Office.

After debtors defaulted on their loan obligation, appellant initiated a suit for foreclosure, but before a receiver was appointed debtors filed a bankruptcy petition. Shortly thereafter, appellant and debtors entered into an Agreed Order recognizing appellant's lien on debtors' rents; but, after objection by other creditors, the bankruptcy judge held that appellant's lien in the rents was not perfected because a receiver had not been appointed before debtors filed their petition. The bankruptcy judge therefore vacated the Agreed Order.

It is common ground, conceded by both parties, that the question of how a security interest may be acquired and perfected is a question to be determined by the law of Arkansas. It may therefore be relevant to review a few elementary principles of that law. Rent is an interest in realty separate from, and therefore severable from, a landlord's reversionary interest and may be assigned by deed or even by less formal means. *See* Jones, *Arkansas Titles,* § 686 (1935); Hughes, *Arkansas Mortgages,* § 475 (1930); *Deming Investment Co. v. Bank of Judsonia,* 170 Ark. 65, 278 S.W. 634 (1926). It is also familiar law, recognized everywhere, that rent may not only be assigned absolutely but also by way of mortgage. *See generally,* 55 Am.Jur.2d Mortgages § 112 (1971). Furthermore, a mortgage of the fee, while it does not give the mortgagee any immediate right to rents, does give rise in equity to a right to have rents applied to satisfy the mortgage debt in the event of a deficiency, so long as the mortgagee has acquired possession of the premises or takes steps to do so, as, for instance, by having a receiver appointed. *See e.g., Reynolds, Adm'r v. Canal & Banking Co. of N.O.,* 30 Ark. 520 (1875); *Bricky v. Cotter,* 119 Ark. 543, 178 S.W. 370 (1915); *Osburn v. Lindley,* 163 Ark. 260, 259 S.W. 729 (1924); *Bank of Weiner v. Jonesboro Trust Co.,* 168 Ark. 859, 271 S.W. 952 (1925); *Cantley v. Turner,* 191 Ark. 607, 87 S.W.2d 42 (1935); *United States v. Western & Southern Life Ins. Co.,* 195 Ark. 753, 114 S.W.2d 36 (1936).

As Hughes, *Arkansas Mortgages* § 470 puts it: "The rents and profits and crops, after a receiver thereof has been duly appointed and qualified, are treated as part of the security." It was on this principle that the bankruptcy judge relied in holding the lender's lien invalid.

What this analysis fails to recognize is that the cases relied on are relevant only where the lender has obtained from the borrower a garden-variety mortgage on the borrower's fee simple. In such instances, the logic is that the borrower has retained all the incidents of possession, including the right to rents, profits, and crops, and these he may do with as he pleases. It is only when the lender takes possession, or does so constructively, as by having a receiver appointed, that he is entitled to the ordinary incidents of possession, like rents, profits, and crops. He has this right even against persons to whom the mortgator has assigned the rent subsequent to the mortgage. *See, e.g., Deming Inv. Co. v. Bank of Judsonia, supra; Purvis v. Elder,* 175 Ark. 780, 1 S.W.2d 36 (1927). But this is not our case. In our case, appellant obtained not only a mortgage on the fee, but also a mortgage of the rent. That mortgage took effect immediately by virtue of the general Arkansas conveyancing statute which provides that "[a]ll lands, tenements, and hereditaments may be aliened and possession thereof transferred by deed without livery of seizin." A.C.A. 18–12–102 (1987). The correctness of this analysis was specifically recognized by the Supreme Court of Arkansas in *Deming Inv. Co. v. Bank of Judsonia, supra,* when it said that in that case "there was no mortgage of the rent. Consequently the rents and profits were not pledged by a mortgage on the land, and they belonged to the mortgagor or third person claiming under him, subject to the rights of the mortgagee in the premises." *Id.* at 68, 278 S.W. 634. The Court went on to conclude that "the rents and profits of lands are not pledged by a mortgage of the lands merely...." *Id.* at 69, 278 S.W. 634. It seems plain that the court believed that a different result would be required if debtors had mortgaged the rent itself and not "the lands merely." It follows that debtors' mortgage of the rents arose immediately upon the execution of the rent assignment.

In reaching this conclusion, the court is not unaware that there are jurisdictions in which the law is otherwise. *See, e.g., Saline State Bank v. Mahloch,* 834 F.2d 690 (8th Cir.1987), applying the law of Nebraska. But, for the reasons indicated above, the views of the Arkansas Supreme Court seem to be quite clear. Even if there had been some reason for this court to choose a rule, as, for instance, if the Arkansas Supreme Court had not spoken to the point, the court feels compelled to say that it would have ruled the same way. The ordinary logic of the common law simply compels the conclusion: Since rent is an interest in realty, it can be alienated by way of a mortgage to take effect immediately. There is no legal or equitable principle that would stop the operation of this syllogism.

## II.

While the propositions already discussed are sufficient to dispose of this case, the court feels it necessary to deal with some other aspects of it since the facts here present issues of rather broad public concern.

■ First of all, the court would point out that in Clause 2 of the Assignment the parties state that "this instrument shall be a present assignment." Article VI of the Mortgage, moreover, provides that the "assignment is an absolute assignment and not an assignment as security only." It is true that the instruments then go on to give the debtors the power to collect the rents and the duty to apply them to the mortgage indebtedness; but this need not destroy their effect as absolute conveyance of the rent to lender. The effect of these provisions would simply be to encumber the rent in the hands of the lender with a charge in favor of the debtor to have the rent applied to the debt. Even if, therefore, the Assignment did not operate as a mortgage it operated as an absolute conveyance of the rent rendering lender the

owner of the rent subject to the charge described above.

 Secondly, appellant advances two other grounds on which it believes that it is entitled to prevail. The first such ground is that A.C.A. § 4–58–105 gives statutory authority for immediate assignment of rent in Arkansas. That statute provides that "[e]very written assignment made in good faith, whether in the nature of a sale, pledge, or other transfer, of [1] an account receivable or any monies due or to become due on an open account or contract ... shall be valid and complete at the time of making such assignment, and shall be deemed to have been fully perfected at that time." Appellee argues vigorously that this statute was not intended to apply to assignments of rent, and, on reflection, the court agrees. It is true that to the modern eye rent might seem literally to fit the statutory language and qualify as "monies due or to become due on [a] ... contract," but this is not the common-law point of view. The common law did not view a lease as a contract but as a conveyance; and rent was not a mere income stream, and thus personalty, but an interest in realty subject to all the rules of conveyancing. The court's construction is strengthened by the fact that the relevant statute goes on to provide that an assignment effected under it is good not only against the assignor but even against the assignor's *bona fide* purchasers and creditors. This, of course, is contrary to the recording acts applicable to the transfers of real property in the state, and it seems unlikely that the legislature meant to effect so radical a change in the law of rent.

 The characterization of rent as realty has relevance as well to Appellants' second alternative argument, namely that its security interest was perfected by the filing of the U.C.C. financing statements. This argument can be shortly dealt with. A.C.A. § 4–9–104 states that Article 9 of the U.C.C. "does not apply: (j) ... to the creation of or transfer of an interest or lien on real estate, including a lease or rents thereunder." The U.C.C. simply has no relevance to this case, for this section clearly defines rents as interests in realty, and leaves relevant questions to be answered by reference to the common law of real property and the statutes modifying it. This section does, incidentally, reinforce the court's earlier conclusion that the law of Arkansas recognizes a mortgage of rent as a thing separate and distinct from a mortgage of land alone.

### III.

For the reasons discussed, the decision below will be reversed and the bankruptcy court will be directed to recognize Appellant's lien in the debtors' rent.

---

**1.** Appellee quite rightly points out that the code, due to a typographical error, has the word "or" at this point.