**In re BYRAM RENTALS, INC. Debtor.**

No. 1:09–BK–70835M.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Aug. 20, 2009.

---

Robert L. Depper, Jr., Depper Law Firm, El Dorado, AR, for Debtor.

*ORDER*

JAMES G. MIXON, Bankruptcy Judge.

On February 24, 2009, Byram Rentals, Inc. (Debtor) filed a voluntary petition for relief under the provisions of Chapter 11 of the United States Bankruptcy Code. On June 5, 2009, Timberland Bank (Timberland) filed a motion to dismiss or to convert to Chapter 7 or for the appointment of Chapter 11 Trustee.

A hearing on the motion was held in El Dorado, Arkansas, on June 23, 2009. At the conclusion of the evidence, the matter was taken under advisement and the parties agreed to submit briefs on or before twelve days from the hearing date on the issue of Timberland's rights in rent proceeds under an assignment of rents. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(2009), and the Court has jurisdiction to enter a final judgment in this case.

Pursuant to 11 U.S.C. § 1112(b), on request of a party-in-interest and after notice and a hearing the Court shall dismiss a case under Chapter 11 or convert to a Chapter 7 for cause, unless the court determines unusual circumstances exist establishing conversion or dismissal would not be in the best interests of the creditors. Cause is described in subsection four and many of the factors listed also exist in this case. They include:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

. . . .

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

11 U.S.C. § 1112(b)(4); 7 Collier on Bankr. ¶ 1112.04[1].

The Debtor's business is the operation of thirty-two rental units in and around El Dorado, Arkansas. (Tr. at 8.) Robert A. Byram (Byram) is the sole shareholder of the Debtor. (Tr. at 8.) The Debtor owes Timberland the sum of $1,689,118.61. (Tr. at 69.) The last payment on the note was in May of 2008. (Tr. at 69.) The note held by Timberland is secured by mortgages and deeds of trust. (Tr. at 86–87.) The note is also secured by an assignment of rents. (Tr. at 87.) Byram represented to Timberland that the rental units generate $28,428.00 per month. (Tr. at 88.) Payment on the note is $14,950.00 per month. (Tr. at 89.) Pre-petition, Timberland obtained the appointment of a receiver to collect the rent. (Tr. at 93.) However, none of the parties introduced into evidence the mortgage, the note, the assignment of rents, the order appointing the receiver, evidence of the value of Timberland's other collateral, the value of the real estate, or the likelihood of the Debtor proposing a successful plan. Neither party has filed a motion to use or prohibit use of cash collateral. Timberland filed a brief; the Debtor failed to file a brief.

■ The Court raised the issue of the Debtor's ability to operate because Timberland had obtained the appointment of a receiver pre-petition to collect the rents from the rental properties. According to the record, the rents are the Debtor's only source of income. Whether the Debtor has any rights in the rent after the appointment of a receiver is a matter of state law. *In the Matter of Wheaton Oaks Office Partners Ltd. Partnership*, 27 F.3d 1234, 1241 (7th Cir.1994)(citing *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979))("assignment of rents are interests in real property and, as such, are created and defined in accordance with the law of the state in which the property is located.") In some states, once the receiver is appointed, the rents are not even property of the estate in the subsequently filed bankruptcy case.

*Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 38 (3rd Cir.1993); *Gold Coast Asset Acquisition, L.P. v. 1441 Veteran Street Co. (In re 1441 Veteran Street Co.)*, 144 F.3d 1288, 1293 (court disallowed payment of attorney's fees from rents assigned to a receiver).

■ The Honorable Morris Arnold explained the law of assignment of rents in Arkansas, stating that "[r]ent is an interest in realty separate from, and therefore severable from, a landlord's reversionary interest and may be assigned by deed or even by less formal means." *First Federal Savings of Arkansas v. City National Bank of Fort Smith, Arkansas*, 87 B.R. 565, 566 (W.D.Ark.1988). In *First Federal Savings of Arkansas*, the court found that the mortgagee had a lien in the assigned rents even though no receiver had been appointed and reversed the bankruptcy court's decision to the contrary. See *First Federal Savings of Arkansas v. City National Bank of Fort Smith, Arkansas*, 87 B.R. 565 (W.D.Ark.1988). Judge Arnold further observed:

> Article VI of the Mortgage, moreover, provides that the "assignment is an absolute assignment and not an assignment as security only." It is true that the instruments then go on to give the debtors the power to collect the rents and the duty to apply them to the mortgage indebtedness; but this need not destroy their effect as absolute conveyance of the rents to lender. The effect of these provisions would simply be to encumber the rent in the hands of the lender with a charge in favor of the debtor to have the rent applied to the debt. Even if, therefore, the Assignment did not operate as a mortgage it operated as an absolute conveyance of the rent rendering lender the owner of the rent subject to the charge described above.

*First Federal Savings of Arkansas v. City National Bank of Fort Smith, Arkansas*, 87 B.R. 565, 567–568 (W.D.Ark.1988)

■ Because the assignment in this case was not made part of the record, it is impossible to determine if the assignment was an absolute assignment perfected by the appointment of a receiver, thereby resulting in rental income not constituting property of the estate. At the very least, post-petition rents which were assigned pre-petition and a receiver appointed pre-petition to, constitutes cash collateral under 11 U.S.C. § 363(c)(2) which the Debtor may not use without the secured parties' consent or by order of this Court after notice and a hearing. If the Debtor had requested permission to use cash collateral, Timberland would be entitled to adequate protection. As previously stated, the Debtor never filed a motion seeking permission to use cash collateral. The Debtor has been using cash collateral, and yet the evidence before the Court is the Debtor is still losing money even though it is not paying any of the debt service to Timberland. (Tr. at 16–17.)

■ The Debtor has a consistent pattern of failing to maintain insurance. (Tr. at 72–74.) The Debtor also has failed to pay real property taxes on some of the units and several have been certified to the state for sale. (Tr. at 54 & 75.) The Debtor owes a little over $15,000.00 in delinquent taxes. (Tr. at 56.) Byram testified falsely about payment of taxes in previous hearings. (Tr. at 10.) Byram comingled personal and business expenses and filed operating reports late. The Debtor has made no payments to Timberland since May of 2008. (Tr. at 69.) The creditors in this case, in particular Timberland, will be better served if this case is dismissed.

Under all of these circumstances, pursuant to 11 U.S.C. § 1112(b)(4) cause exist to dismiss this case. Therefore, Timberland's motion is granted and this case is dismissed.

IT IS SO ORDERED.