JOHNSON *v.* LEHR.

4-4442

Opinion delivered July 13, 1936.

*R. V. Wheeler,* for appellant.

*Armstrong, McCadden, Allen, Braden & Goodman* and *W. W. Hughes,* for appellee.

HUMPHREYS, J. This is a suit for specific performance of a contract for the sale of 7.98 acres of land described by metes and bounds in the northeast quarter, southwest quarter, section 12, township 6 north, range 8 east, in Crittenden county, Arkansas. The contract provided that appellant would pay appellee $400 an acre for the land upon presentation of his warranty deed and merchantable title thereto. Presentation of the deed and title was made, which appellant refused to accept on the ground that appellee did not have a fee simple or merchantable title to the land. Objection was made to the title of appellee because it originated in the last will and testament of William Emmett Williams, who devised the land to his wife, Maude Taylor Williams, who conveyed

same to appellee, claiming that said will was not effective
to vest appellee with a fee simple title to the land. The
paragraph which appellant claims did not vest a fee sim-
ple title in appellee through his grantor, Maude Taylor
Williams, is as follows: "After the payment of such
funeral expenses and debts, I give, devise and bequeath
unto my beloved wife, Maude Taylor Williams, all of my
property, both personal and real, wherever situated or
located for her own personal use as long as she may live
and at her death should there be any property or moneys
left after the payment of her funeral expenses and debts
are paid, it is my desire that the residue be divided
equally between my nephew, Ernest Bland Williams,
Jr., and the heirs of my beloved wife, Maude Taylor
Williams, meaning that the entire half (½) of the resi-
due, if there be any, shall go to my nephew, Ernest Bland
Williams, Jr., and the other one-half to be given to her
heirs that she may designate."

The language of this paragraph is unambiguous and
clearly devised the unlimited use, with implied power of
sale, of all the testator's property, both real and per-
sonal, to his wife, Maude Taylor Williams. There is noth-
ing in the clause to indicate that the testator devised
a life estate only in the property to his widow with a
vested remainder therein to his nephew and to the heirs
of his wife to be selected by her. It is true that the
testator devised any residue that might not be used by
his widow to his nephew and her heirs to be selected by
her, but this was far from vesting in the nephew and her
heirs a remainder absolute in the estate. Such remainder
as they might acquire under the will was contingent upon
his widow dying before she used it by sale or otherwise.
The widow's deed to appellee under her implied power
to sell the property to pay her husband's debts or for
her own personal requirements passes or will pass the
fee simple title to appellee when accepted by him.

The implied power of sale is just as effective as an
express power to sell would have been. There could not
be any question, if express power had been given to sell,
that a sale would have passed a fee simple title to any

of the property sold by the widow. The rule in Shelley's Case is not applicable.

No error appearing, the decree of the trial court is affirmed.