DILLEN v. FANCHER.

4-4539

Opinion delivered March 1, 1937.

*V. D. Willis,* for appellant.
*Shouse & Walker,* for appellee.

HUMPHREYS, J. Appellant, Fannie Dillen, is a daughter and beneficiary in the will of Dotson Fancher, deceased.

Appellee, Sina Fancher, was the wife of Dotson Fancher. She and W. A. Fancher, the father of Dotson Fancher, were beneficiaries in, and executors of, the will.

The will was filed for probate on the fourth day of May, 1934, and was, by order of the probate court, adjudged to be the last will and testament of said Dotson Fancher, deceased.

W. A. Fancher died and appellee became sole executrix of the will under and by virtue of its terms.

This suit was brought in the chancery court of Boone county, by appellant to enjoin appellee from selling and disposing of the personal property, moneys, notes and accounts which the testator owned when he died, alleging that she was selling the property as the fee owner thereof, whereas, under the terms of the will she only owned a life estate interest therein. The will was made an exhibit to the complaint. Appellee filed a demurrer to the complaint on the ground that it did not state a cause of action.

The demurrer was sustained by the trial court, and appellant refused to plead further and stood on her complaint, whereupon, the complaint was dismissed, from which is this appeal.

The demurrer concedes that appellee is selling and disposing of said property in order to convert the proceeds thereof to her individual use, so the only question involved on the appeal is whether she has a right to do so under the provisions of the will. The answer to this question involves the construction of the second and third paragraphs of the will which are as follows:

"Second, I give, devise and bequeath to my wife, Sina Fancher, and my father, W. A. Fancher, during their lifetime all of my property of every kind including real estate and personal property, moneys, notes and accounts, and all other property that I might have at the time of my death, and direct that they use said estate to the best interest and according to their own judgment.

"Third, after the death of my said wife, Sina Fancher, and W. A. Fancher, my father, I give and bequeath to my two children, Fannie Dillen and Mittie Hayes, all property both real and personal that belongs to my estate at the time of the death of my said wife

and father to them and their heirs and assigns forever, share and share alike."

Our construction of these two paragraphs of the will is that the testator bequeathed said property to appellant and her sister with the right of appellee and the testator's father to use same during their lives. This meant that appellee and the testator's father might enjoy the income therefrom during their lives and did not mean that they might convert the corpus of the estate to their own use, unless, in the use thereof, it would be consumed or would wear out. Moneys, notes and accounts and much other personal property do not come within that class, and, under the terms of the will, must be preserved for the remainderman and not converted to the individual use of the party owning a life estate therein.

It will be observed that the second paragraph of the will directs that Sina Fancher and W. A. Fancher "use the estate to the best interest and according to their own judgment." The testator would not have given such a direction had he intended to bequeath the personal property to them absolutely or in fee. Had his intention been to bequeath the personal property in fee to Sina Fancher and W. A. Fancher by giving them authority "to use it to the best interest and in accordance with their judgment," there would have been no necessity for the second paragraph in the will.

The test as to whether the party owning a life estate therein might convert same to his own use would depend on the kind and character of the property, and the use to which it might be put as developed by the evidence in any particular case.

The purpose of this suit is to preserve the corpus of the estate, after paying the indebtedness of the testator, for his children by preventing appellee from converting it to her individual use. To accomplish this purpose appellant has no adequate remedy at law, but only in equity by injunction and as a necessary incident to the injunctive remedy, so the chancery court has jurisdiction to construe the will.

The complaint stated a cause of action in equity, and the trial court erred in sustaining the demurrer thereto.

The decree is reversed, and the cause remanded with directions to the court to overrule the demurrer to the complaint.

McHaney, J., dissents.