DILLEN *v.* FANCHER.

4-4901

Opinion delivered January 17, 1938.

*Virgil D. Willis,* for appellant.
*Shouse & Walker,* for appellee.

McHANEY, J. This is the second appeal of this case. *Dillen* v. *Fancher,* 193 Ark. 715. On the former appeal it was held that the will of Dotson Fancher, a portion of which was therein set out, conveyed a life estate to the appellee, and that while she might enjoy the income therefrom during her life, she could not convert the corpus of the estate to her own use, unless in the use thereof it would wear out or be consumed. The action of the lower court in sustaining a demurrer to the complaint charging waste to the life tenant was reversed and remanded with directions to overrule the demurrer and for further proceedings. In response to a motion so to do, appellant filed an amendment to her complaint in which she attempted to set out in what respect the life tenant had committed waste and the amount thereof. In response thereto, appellee first filed a motion to be permitted to renounce the will and to take the widow's allowances and dower under the statute, although she had previously proceeded under the will for about three years. In addition, she answered, denying all of the material allegations of the complaint and specifically denying that she had in any manner wasted or wrongfully expended or appropriated any of the moneys of said estate. She set out in detail the cash coming into her hands as executrix of said estate showing a total sum of $4,331.28. She then sets out the amounts expended for said estate in which she shows that she had paid to appellant the sum of $544, and to her other daughter, Mittie Hayes, the sum of $540; for insurance on the farm buildings, $150, which was due at the time of Mr. Fancher's death, and for taxes, $178. She sets out various other items of expenses, including her own living expenses in the sum of $400, for a monument for the deceased, $89, and for improvements to the farm, the whole totaling $2,430.55, leaving a balance of cash on hand as property of the estate in the sum of $1,900.73. She also claimed $450, allowed her under the statute and for her fees as executrix. Appellant filed a

demurrer in response to appellee's motion for widow's allowances and dower under the statute and to renounce the will and a reply to her answer. After hearing the evidence, the court entered a decree rejecting appellee's offer to renounce the will and take under the statute. The court then construed the will in accordance with the opinion of this court, that appellee is not permitted to use for her own personal benefit any of the corpus of the said estate; that it is her duty to preserve the estate, both real and personal, in the best order possible and to the best advantage possible, and to exercise her own judgment in doing so. The court further found that the record and the evidence failed to establish that the appellee has committed waste or dissipated said estate or wrongfully converted any of the property thereof to her own use and benefit; "that the sums she has expended from the body of the estate have been distributed to her daughters and have been by consent of said daughters, and they cannot at this time complain of said acts; that the evidence fails to show that she has expended any of the body of said estate in improvements or expenses on the land, but that if she has expended any such sums, the same were expended with the consent of the daughters and the same was necessary to preserve said estate and that no complaint can be made thereof, and that the court has no jurisdiction to require the defendant to execute bond." The complaint of appellant was thereupon dismissed for want of equity. From this decree there is an appeal and cross-appeal.

Disposing of the cross-appeal first, we are of the opinion that the decree of the court, denying appellee the right to renounce the will and to take the widow's allowances and dower under the statute is correct. The will was admitted to probate on the 4th day of May, 1934. Her request to renounce was made in June, 1937. She made her election at the time the will was probated by taking out letters of executrixship and by proceeding under the will, by taking possession of the property and managing same for about three years. Under the statute, § 4428, Pope's Digest, she is required to make such renunciation by her deed within eighteen months after the death of

her husband or she will be deemed to have elected to take the devise and bequest contained in such will. *Pumphry* v. *Pumphry*, 52 Ark. 193, 12 S. W. 390; *Stull* v. *Graham*, 60 Ark. 461, 31 S. W. 46. Appellee argues, however, that she was not fully cognizant of her rights under the will until the decision of this court on the former appeal and that she ought to be permitted to renounce same and take under the statute within eighteen months from that day. We cannot agree with this contention. The statute provides that it must be done within eighteen months from the death of the testator. Moreover, there is some evidence in this record that she was advised by counsel whom she consulted that the will gave her only a life estate and that she would have to account to appellant and her sister for the corpus thereof.

We agree with the learned trial court also that the evidence fails to show that appellee is committing waste or that she is expending any money belonging to the corpus of said estate except such as met with the approval of appellant and her sister. Prior to Mr. Fancher's death he gave appellee $785 to be deposited in a postal savings account, to which she added $15, making a total of $800, and which she deposited to her own credit in a postal savings account. At that time Mr. Fancher was on his death bed and she testified very positively that he gave it to her as her own property. The trial court evidently took her testimony, with reference to this item, to be true although it was contradicted to some extent by other evidence. We cannot say that this finding is against the preponderance of the evidence. Out of this fund appellee purchased herself an automobile, paying about $500 therefor, and this purchase and the building of a garage on the farm property seems to be the principal ground of waste contended for by appellant. If, in fact, this $800 item was her individual property, and we agree with the trial court that it was, then she had the right to do with it as she pleased. We do not discuss the evidence relating to the various items, as it would serve no useful purpose to do so, and we are of the opinion that it was ample to sustain the finding of the chancellor as before set out.

404

We find no error, and the decree is accordingly affirmed.