DILLEN *v.* FANCHER.

4-5380                  125 S. W. 2d 112

Opinion delivered February 20, 1939.

*Virgil D. Willis,* for appellant.

*J. Loyd Shouse* and *John H. Shouse,* for appellee.

McHANEY, J. Other branches of this litigation have heretofore been twice before this court. *Dillen* v. *Fancher,* 193 Ark. 715, 102 S. W. 2d 87, and *Dillen* v. *Fancher,* 195 Ark. 400, 113 S. W. 2d 483.

Appellant is the daughter of appellee and the late Dotson Fancher, she being one of the two heirs-at-law of the latter. Dotson Fancher died testate. In his will, which was duly probated, he named appellee and his father, W. A. Fancher, his executors, with the provision that, upon the death of either, the survivor should continue as sole executor. W. A. Fancher preceded the testator in death and appellee is and has been sole executrix of said estate. The will provided that no bond should be required and no accounting should be made to any court. Letters were issued to appellee without a bond and she has filed no accounts with the probate court.

Appellant filed in the probate court a petition praying that appellee be required to make bond, and to file

inventory, appraisal and accounting, or be discharged as executrix. This petition was denied. An appeal was taken to the circuit court and was again denied. It is now on appeal to this court.

The question presented is: Shall the provisions of the will control, regardless of statutory provisions? Section 22 of Pope's Digest requires bond to be given before the granting of letters. Section 51 provides that executors and administrators shall take possession of decedent's personal property and make a true inventory thereof. Section 580 requires an appraisement thereof. Other sections provide for the filing of settlements and accountings.

The clear intention of Mr. Fancher, as expressed in his will, was that his wife, and his father, or the survivor of them should serve, in this case his wife, as executrix without giving bond and without making reports and settlements. In *Bankhead* v. *Hubbard*, 14 Ark. 298, it was held that where letters testimentary upon estates of deceased persons are granted by the clerk, in vacation, he has no discretion in any case to dispense with the bond required by statute, even where the will directs otherwise, but that in such matters the probate court has a large discretion which will not be controlled by this court, unless there is such outrageous abuse of it as to produce manifest injustice. This case is cited in Thompson on Wills (2d Ed.), § 555, to support this statement: "In a few other states the matter of requiring a bond of the executor is left to the discretion of the court. In still others, the executor must give a bond unless the testator in his will has directed otherwise. In the latter instance the direction amounts merely to a power given the court to dispense with the bond where it is deemed prudent to do so, but does not deprive the court of the power to require a bond if it is deemed necessary or is demanded by one who is interested in the estate; but the testator's wishes in the matter will be respected unless good reasons for disregarding them appear."

Here, appellant is a remainderman in the estate of her father,—her mother, the appellee, being the life tenant. *Dillen* v. *Fancher*, 193 Ark. 715, 102 S. W. 2d 87.

For this reason alone she claims the right to require a bond and an accounting. She does not allege and prove any mismanagement, waste, or conversion by the life tenant. Indeed, in the second appeal of this case, 195 Ark. 400, 113 S. W. 2d 483, it was held that a charge of waste was not sustained. In Woerner on Administration and Wills, vol. 2 (3d Ed.), p. 833, par. 251, it is said: "But if a court become satisfied that the executor, who was solvent when named in the will, is likely to become insolvent, and that there is danger that he may abuse his trust, or has ground to suspect that he will indirectly and fraudulently administer the estate to the prejudice of creditors or legatees, he will be ordered to give bond with sufficient surety to protect the estate. In such case any person who has an interest in the estate may interpose to move for an order requiring security, and when the interest is averred positively and under oath it cannot be questioned on the trial of an application for security. And a bond given by an executor without sureties, although approved by the judge of probate, is not such a bond as the law contemplated."

We think the matter of requiring bond and accounting rests largely in the discretion of the probate court, and that this court should not interpose to control such discretion unless a manifest abuse thereof is shown, and none is either alleged or proven in this case.

The judgment must, therefore, be affirmed.