Rogoski, Admr. *v*. McLaughlin.

5-1525                                    312 S. W. 2d 912

Opinion delivered May 5, 1958.

*Owens, McHaney, Lofton & McHaney,* for appellant.

*H. B. Stubblefield,* for appellee.

George Rose Smith, J.  In 1951 the various owners of the Metzger Building in Little Rock conveyed the property to a trustee, who was to manage the building during the ten-year term of the trust, collect the rentals, and make quarterly distributions of the net income. Lulu Upton, the appellant's testatrix, owned an undivided .11317 interest in the building and joined the other owners in the creation of the trust.  Mrs. Upton died March 13, 1956, and by her will devised a life estate in her undivided interest to her husband, Harry Upton, who died a few months later, on July 21, 1956.

For the first three months of 1956, during which Mrs. Upton's death occurred, the net income accruing from her interest in the trust amounted to $1,395.57. This money was paid by the trustee to the appellant, as administrator, and was inventoried as an asset of the

estate. In 1957 the appellee, as executrix of Harry Upton's will, filed a petition asking that this money be distributed to the Harry Upton estate and that it also receive its proportionate part of a reserve fund that had been built up by the trustee. The probate court granted the petition with respect to the first item and postponed consideration of the appellee's claim to the reserve fund. An appeal and cross-appeal have brought both issues to this court.

On the first point the language of Mrs. Upton's will must be considered. That instrument, after reciting the testatrix's undivided interest in the Metzger Building, continues with these two paragraphs:

"Fourth: I give, devise and bequeath unto my said husband, Harry A. Upton, a life estate in and to all my said undivided interest, and in and to all of the rents, issues and profits which may accrue from the said undivided interest I own in the said George A. Metzger Building;

"Fifth: It is my intent and purpose, in giving to my said husband, Harry A. Upton, all of the income accruing from the rents, issues and profits from my said undivided interest in the said George A. Metzger Building, that the same shall be paid to him during his natural life, so long as he shall live, and so long as the said George A. Metzger Building is not sold or partitioned by the present owners."

We are unable to agree with the trial court's conclusion that these paragraphs of the will had the effect of bequeathing to the surviving husband the entire net income for the first three months of 1956, most of this income having already accrued before Mrs. Upton's death on March 13. A will is ordinarily construed to speak as of the death of the testator, *Weeks* v. *Weeks,* 211 Ark. 132, 199 S. W. 2d 955, and as a general rule the beneficiary of a testamentary trust is entitled to the income only from the date of the testator's death. Rest., Trusts, § 234. Here the language of the will is not contrary to these principles, for the testatrix refers to the income

which "may accrue" from the building. This reference is plainly prospective and rebuts the suggestion that the testatrix had in mind income that had already accrued.

On this phase of the case the cause will be remanded with instructions that the trial court determine the amount of income that accrued from March 13 to March 31 and award that amount to the Harry Upton estate. In making this determination the court will apply the familiar common law rule that rent is not regarded as accruing from day to day, like interest; it is considered to accrue in its entirety on the day that the payment is due. Tiffany on Real Property (3d Ed.), § 888; Thompson on Real Property (Perm. Ed.), § 286; Rest., Trusts, § 235. (As far as this case is concerned, this rule is not changed by Ark. Stats. 1947, § 50-501, which is applicable only when the lease is executed by a life tenant. Mrs. Upton owned her undivided interest in fee.) Consequently the Lulu Upton estate is entitled to retain all rents that were payable on or before March 13, while the Harry Upton estate is entitled to those that were due after that date.

Although the probate court did not pass upon the appellee's claim to a proportionate part of the trustee's reserve fund, both parties have submitted this issue for our decision on this record. The trust instrument executed in 1951 conveyed the property to the trustee and also named an Advisory Committee of three persons. With respect to the reserve fund the instrument provides: "The Trustee will accumulate and maintain a reserve for emergencies in such amount as may be fixed by the Advisory Committee." It is also directed that the quarterly distributions be made after the deduction of expenses and amounts held for the reserve. This fund, which seems to have been intended to take care of major repairs and of damage resulting from unforeseen casualty, amounted to almost $13,000 at the date of Harry Upton's death. The appellee contends that Upton's estate is entitled to a distribution of its part of this fund.

This contention is not well taken. Even when the terms of the trust do not expressly authorize the accu-

mulation of reserves the trustee is nevertheless empowered to create reasonable reserves, "and he can properly withhold enough of the income to meet present or future expenses which are properly chargeable to income." Rest., Trusts, § 233, Comment *e*. Here the trustee's authority is not open to doubt, for the settlors of the trust affirmatively commanded that the reserve fund be created and be withheld from the distributions of income. Mrs. Upton joined in the execution of the trust instrument and of course could not have revoked it, as she reserved no individual power of revocation. Rest., Trusts, § 330. Hence she could not herself have demanded a distribution of the reserve fund during the life of the trust, and the beneficiary of her will stands in no better position. The bequest of the income to Harry Upton must be taken to refer only to the net income, after the deduction of expenses and subject to the preservation of the reserve fund created by the settlors of the trust.

Reversed and remanded for further proceedings.