**ESTATE OF Jesse E. McMILLAN, deceased, Mary E. McMillan, Executrix, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 81–1485.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1981.

Decided Feb. 10, 1982.

Charles C. Owen (argued) Rose Law Firm, a Professional Association, Little Rock, Ark., for appellant.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, William P. Wang (argued), Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and HOWARD,* District Judge.

ROSS, Circuit Judge.

Appellant, Mary E. McMillan, challenges the Tax Court's[1] determination that a portion of a bequest to her under her late husband's will did not qualify for the marital deduction under 26 U.S.C. § 2056(b) (1976). *McMillan v. Commissioner,* 76 T.C. No. 13, slip op. (Jan. 29, 1981). For the reasons set forth herein, we affirm.

---

\* The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Lee H. Irwin, United States Tax Court Judge.

Jesse E. McMillan, an Arkansas resident, died on July 14, 1975, leaving a will which in relevant part provided as follows:

[2] I, J. E. McMillan here by Will everything that I have to my wife, Mary Ethel (Conn) McMillan for so long as she may live.

[3] I wish to request that all property, money, money from life insurance, Stocks and Bonds or anything of value be used by her to the best of her ability for as long as she may live.

[4] I wish to request that any financial favors that she may extend to any member of her family that like amount be extended to some member of my family that may need it most.

[5] I wish to request that at her death the cashier of the Clark County Bank, Gurdon, Ark. and Charlie McMillan be appointed as Executors of the balance of the Estate which was left to my wife by me, J. E. McMillan.

[6] I wish to request that the balance of the estate be sold for cash within a period not to exceed twenty four months and the following division be made at that time. Divide the total proceeds into six equal parts: One part to Hazel Conn Ewing; one part to Jewel Edward Conn; one part to Charlie C. McMillan: one part to Hattie McMillan Taylor: one part ot [sic] Mecie McMillan Taylor: One part to Rosie McMillan Pruitt. In event that Rose McMillan Pruitt is not living at that time the proceeds is to be divided into five equal parts and given to the above mentioned five heirs. In event either of the above mentioned five heirs are not living at that time their part is to be divided equally to their living children.

[7] I wish to request that any money or anything of value that any member of my family or any member of my wife family may have received from my wife during her life time after my death be deducted from their part of the estate and be equally divided among all the heirs. I wish to request that my wife Mary Ethel McMillan keep a record of all donations or loans to any member of my family or to her family and same be filed with this will the first of each and every year during her life time.

After Mrs. McMillan filed an estate tax return claiming a marital deduction for one half of the property of the estate, $899,263, the Commissioner filed a notice of deficiency declaring that the marital deduction amounted to only $42,136. This decision was based on the Commissioner's belief that the bequest to Mrs. McMillan was a life estate without a power of appointment over the principal. Under the terminable interest rule, as embodied in 26 U.S.C. § 2056(b), such an interest is considered a terminable interest and does not qualify for the marital deduction.

■ The primary dispute before the Tax Court was whether, under Arkansas law,[2] the will in question gave Mrs. McMillan an unrestricted power to appoint the corpus of the estate. The Tax Court, in concluding that the will created a life estate without any power of disposition over the principal of the estate, and, therefore, that the interest passing did not qualify for the marital deduction, relied primarily on *Dillen v. Fancher*, 193 Ark. 715, 102 S.W.2d 87 (1937). In *Dillen* the will provided that:

"Second, I give, devise and bequeath to my wife, Sina Fancher, and my father, W. A. Fancher, during their life time all of my property of every kind including Real Estate and Personal property, monies, notes and accounts and all other property that I might have at the time of my death *and direct that they use said Estate to the best interest and according to their own judgment*.

"Third, after the death of my said wife, Sina Fancher, and W. A. Fancher, my father, I give and bequeath to my two children, Fannie Dillen and Mittie Hayes,

2. In construing the terms of the will, reference must be made to the law of the jurisdiction under which the interest passes. *Helvering v. Stuart*, 317 U.S. 154, 162, 63 S.Ct. 140, 145, 87 L.Ed. 154 (1942); *Morgan v. Commissioner*, 309 U.S. 78, 80, 60 S.Ct. 424, 425, 84 L.Ed. 585 (1940).

all property both Real and Personal that belongs to my Estate at the time of the death of my said wife and father to them and their heirs and assigns forever, share and share alike."

*Id.* 102 S.W.2d at 88 (emphasis added). The Arkansas Supreme Court concluded that the language "direct that they use said Estate to the best interest and according to their own judgment" clearly evidenced the testator's intent that the bequest not be absolute; and therefore, that will created a life estate without a power of disposition over the corpus. *Id.*

The Tax Court concluded that the language in the will in the instant case which indicated that the property be used by Mrs. McMillan "to the best of her ability" was even more susceptible of being construed as a life estate without a power of disposition over the principal than was the language in *Dillen* because the language here reasonably connotes the use of a skill rather than an unrestricted right to dispose of the property in any manner that Mrs. McMillan wished. *McMillan v. Commissioner, supra,* 76 T.C. No. 13, slip op. at 10. In addition, the Tax Court rejected appellant's argument that the language in clause 6 of the will that after his wife's death the testator "wish[ed] to request that the balance of the estate be sold for cash within a period not to exceed twenty four months * * * *" implies a power of disposition over the principal.

Appellant maintains that under *Johnson v. Lehr,* 192 Ark. 1004, 96 S.W.2d 20 (1936) and *Weeks v. Weeks,* 211 Ark. 132, 199 S.W.2d 955 (1947), this language creates such a power. In *Johnson v. Lehr* the will provided that:

"After the payment of such funeral expenses and debts, I give, devise, and bequeath unto my beloved wife, Maude Taylor Williams, all of my property both personal and real wherever situated or located *for her own personal use as long as she may live and at her death should*

there be an property or moneys left after the payment of her funeral expenses and debts are paid it is my desire that the residue be divided equally between my nephew, Ernest Bland Williams, Jr., and the heirs of my beloved wife, Maude Taylor Williams—meaning that the entire half (½) of the residue *if there be any* shall go to my nephew Ernest Bland Williams, Jr., and the other one half to be given to her heirs that she may designate."

96 S.W.2d at 20 (emphasis added). The Arkansas Supreme Court held that this language clearly devised an unlimited use with an implied power of sale, and that the remainder was contingent on something being left.

Similarly, in *Weeks v. Weeks* the will bequeathed the testator's property to his wife "for her own personal use so long as she shall live" and directed "that whatever remains of said bequest be divided" between the testator's children. 199 S.W.2d at 956. Again, the Arkansas Supreme Court held that the inclusion of the "whatever remains" proviso evidenced the testator's intent to give his wife a full power of sale and disposition over the principal. *Id.* at 958. Appellant contends that the words "whatever remains" and "should there be any property or moneys left" in these cases are the equivalent of the "balance of the estate" in clauses 5 and 6 of the will in the instant case.

We agree with the Tax Court that *Johnson* and *Weeks* are distinguishable from the case at bar in that the language there clearly evidenced the contingent nature of the remaindermen's interest, whereas in the present case the use of the term "balance" followed by a detailed accounting system instruction indicates that something will be left over,[3] and renders unreasonable the conclusion that an absolute power of disposition is implied. *McMillan v. Commissioner, supra,* 76 T.C. No. 13, slip op. at 12. We

---

3. *See Duvall v. United States,* 246 F.Supp. 378 (E.D.Ky.1965), where the court, in an almost identical situation, held that the words "the balance to be divided" was not the equivalent

of the words "any property remaining" or "if any property remains," and did not give the devisee an unrestricted power of disposition over the corpus. *Id.* at 380.

also note that neither *Johnson* nor *Weeks* contained any language like that in *Dillen* and the instant case restricting appellant's use of the estate to the "best of her ability."

Furthermore, we must reject appellant's argument that *Dillen* is distinguishable from the instant case in that the will there did not contain any language concerning disposition of the estate similar to "the balance of the estate." In fact, the will in *Dillen* did contain such language in that it stated that "all property * * * that belongs to my estate at the time of the death of said wife *. * * *" should go to my children. *Dillen v. Fancher, supra,* 102 S.W.2d at 88.

Finally, we must note that the appellant has apparently conceded that the use of the words "I wish to request" at the beginning of the clauses containing the detailed directions for the appellant's use and disposition of the property was not precatory but was directory in nature. This admission weighs heavily against a conclusion that the testator intended to give appellant a general power of appointment over the will.

As the Tax Court noted, a will must be construed to find the intent of the testator, and this intent is to be gleaned from a consideration of the entire instrument. *Morgan v. Green,* 263 Ark. 125, 562 S.W.2d 612 (1978). "The standard of review on appeal from the Tax Court is whether the Tax Court's factual findings are clearly erroneous." *Reading v. Commissioner,* 614 F.2d 159, 160 (8th Cir. 1980). "[F]indings of fact are not clearly erroneous unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Smith v. Commissioner,* 608 F.2d 321, 323 (8th Cir. 1979). On the basis of the evidence, and its interpretation by the Tax Court, we conclude that the Tax Court was not clearly erroneous in concluding that the intent of the testator in this case was to give appellant a life estate without a general power of disposition over the principal, and that, therefore, the interest passing to appellant did not qualify for the marital deduction. Affirmed.